# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DUSTIN BEMESDERFER,**

      **Plaintiff,**

v.                                                  Case No: 6:22-cv-270-PGB-EJK

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Amended Motion to Compel Inspection (the "Motion"), filed February 28, 2023. (Doc. 70.) Defendant responded in opposition on March 17, 2023. (Doc. 76.) Upon consideration, the Motion is denied.

## I.  BACKGROUND

Plaintiff brought this action on February 7, 2022, alleging that Defendant discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101. (Doc. 1.) On September 30, 2022, Plaintiff served Defendant with Rule 34 Requests for Inspection. Specifically, Plaintiff requested that Defendant:

    1.    Permit Plaintiff's counsel, Plaintiff's Expert, and an appointed videographer entry onto its training facility utilized to train driving candidates from the Longwood, Florida facility, or another similar location mutually agreed to by the Parties, to observe the fourth day of the five-day driver orientation training so that Plaintiff may inspect, survey, photograph, and/or record, via video

      recording, the on-road training of a driver candidate for the duration of the full business day on a mutually agreeable date on or before December 1, 2022. Plaintiff asks that Defendant arrange for and appoint a driver candidate, a corporate trainer, and fully cooperate with demonstrating the fourth day of the five-day driver orientation training, and that the training be conducted in a "safety car" with a second row for which Plaintiff's counsel, Plaintiff's Expert, and the videographer may ride along to observe. In the alternative, a mounted camera can be placed in a package car, in a location agreed to by Plaintiff, to record without interruption the full day of this specified training with an actual driver candidate.

2. Permit Plaintiff's counsel, Plaintiff's Expert, and an appointed videographer entry onto its property located at the training facility utilized to train driving candidates from the Longwood, Florida facility, or another similar location mutually agreed to by the parties, to observe the on-road first day of a 30-day driver probationary period of a driver candidate so that Plaintiff may inspect, survey, photograph, and/or record, via video recording, the on-road training of a driver candidate for the duration of the first day of the driver candidate on a mutually agreeable date on or before December 1, 2022. Plaintiff asks that Defendant arrange for and appoint a driver candidate, an on-road supervisor, and fully cooperate with demonstrating the first day of the on-road training, and that the training be conducted in a "safety car" with a second row for which Plaintiff's counsel, Plaintiff's Expert and the videographer may ride along to observe. In the alternative, a mounted camera can be placed in a package car, in a location agreed to by Plaintiff, to record without interruption the full day of this specified training with an actual driver candidate.

(Doc. 70 at 3–4.)

Defendant objected to Plaintiff's request on October 31, 2022. (*Id.* at 4.) On November 28, 2022, Defendant sent a counterproposal to Plaintiff, permitting Plaintiff to "(1) use information [his] expert witness intends to gather during the upcoming [] site visit to be scheduled in the *Quinton Murphy v. United Parcel Service, Inc.* lawsuit and (2) use the three driver training videos it already produced in the *Murphy* lawsuit in connection with this case as well." (*Id.* at 5) (internal quotations omitted). Plaintiff responded with his compromise, withdrawing his request to ride with a trainee[1] and instead placing a video camera in a vehicle on two specific days of training. (*Id.*) Defendant once again rejected this proposal. (*Id.* at 6.)

Through the instant Motion, Plaintiff now seeks a court order compelling Defendant to permit him entry onto its Longwood, Florida facility so that a video camera can be placed in a package vehicle to record without interruption on "(i) the fourth day of the five-day driver orientation training with an actual driver candidate; and (ii) the first day of on-road training during the 30-day probationary period with an actual driver candidate." (*Id.*)

---

[1] In *Murphy v. United Parcel Service Inc.*, the court considered UPS's offer to record a day of training with a trainer and ultimately permitted plaintiff's expert witness to attend training at UPS's facility with a trainer or supervisor of the driver trainee. 2022 WL 15523156, at *5.

## II. STANDARD

Rule 26(b)(1) governs the scope of permissible discovery. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Nevertheless, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 34 permits a party to serve "a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). If a party "fails to permit inspection . . . as requested under Rule 34" the "party seeking discovery may move for an order compelling . . . inspection." Fed. R. Civ. P. 37(a)(3)(B).

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less

probable than it would be without the evidence." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (citing *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013)).

### III. DISCUSSION

Plaintiff filed the instant Motion pursuant to Federal Rule of Civil Procedure 34, asserting that the relevancy of the inspection outweighs any burden it imposes. (Doc. 70 at 8.) In response, Defendant argues that Plaintiff's request is irrelevant, unduly burdensome, and falls outside the scope of Rule 34. (*See* Doc. 76.) Defendant directs the Court to *Murphy v. United Parcel Service*, No. 19-cv-1728, 2022 WL 15523156 (E.D. Wisc. Oct. 27, 2022), an analogous case in which a similarly situated Plaintiff sought permission from the court to record an eight-hour day of the first day of driver candidate training at a UPS facility in Wisconsin. In *Murphy*, UPS opposed Plaintiff's motion, arguing that the inspection request was unduly burdensome in that it would impede on the privacy interest of the third-party being videotaped. 2022 WL 15523156, at *3. Ultimately, the *Murphy* court determined that recording a training session would be disproportionate to the needs of the case and that the request "to be allowed to video record an entire day of an actual candidate's training would be unreasonably disruptive and unfair to the selected candidate." *Id.* at 4.

Assuming relevance, the undersigned nevertheless agrees with the *Murphy* court in that Plaintiff's request to place a video camera on a package car during two separate days of driver orientation training would be unduly burdensome and an invasion of

the driver's privacy. Plaintiff fails to establish that the benefit from the proposed discovery request outweighs the apparent burden, particularly in light of Defendant's offer to stipulate to the use of discovery already collected in the *Murphy* case. *See* Fed. R. Civ. P. 26(b)(1).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Amended Motion to Compel Inspection (Doc. 70) is **DENIED**.

2. Pursuant to Rule 37, the undersigned finds that the Motion was nevertheless substantially justified based on the disputed issues; therefore, Defendant's request for attorney's fees contained in its response in opposition (Doc. 76 at 16) is **DENIED**. Fed. R. Civ. P. 37(a)(5)(B).

3. Plaintiff's Motion for Extension of Time for Disclosure of Expert Reports (Doc. 71) is **DENIED** without prejudice, in light of this Order.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE