UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DUSTIN BEMESDERFER,**

        **Plaintiff,**

v.                                                                                             Case No: 6:22-cv-270-PGB-EJK

**UNITED PARCEL SERVICE, INC.,**

        **Defendant.**
_____/

# ORDER

This cause is before the Court on the Defendant's Motion for Reconsideration of Order Denying Rule 12(c) Motion ("**Motion for Reconsideration**") and Alternative Motion for Permissive Appeal ("**Alternative Motion for Permissive Appeal**"). (Doc. 122). The Plaintiff submitted a Response in Opposition. (Doc. 150). Upon due consideration, the Defendant's Motion for Reconsideration and Alternative Motion for Permissive Appeal are denied.

**I.  BACKGROUND**

Defendant United Parcel Service ("**UPS**") moved for partial judgment on the pleadings, arguing that the Federal Motor Carrier Safety Administration ("**FMCSA**") hearing exemption is an experimental program which does not require the employer to depart from the generally applicable regulator standard and accept an individual exemption. (Doc. 46, pp. 1–2). The Defendant relied

heavily on the Supreme Court's holding in *Albertson's v. Kirkingburg*, 527 U.S. 555, 558 (1999), for the proposition that the hearing exemption operates like the waiver at issue in *Albertson's* and does not purport to amend the substantive regulatory standard. (*Id*. at p. 2). UPS reasoned that the Federal Motor Carrier Safety Regulations ("**FMCSRs**") establish a floor for commercial motor vehicle drivers' physical qualifications, and as such, UPS is free to set safety standards that exceed the baseline. (*Id*.). To demonstrate the experimental nature of the hearing exemption, UPS asserted that one may qualify for a two-year exemption simply by submitting his or her personal driving record for the last three years. (*Id*. at pp. 3–4). UPS also cited *Albertson's* for the proposition that an employer need not justify its general adherence to a "clearly applicable, unamended substantive regulatory standard." (*Id*. at p. 9 (quoting 527 U.S. at 577)).

In response, the Plaintiff submitted that the Secretary of the Department of Transportation is empowered to create three kinds of programs: waivers, pilot programs, and formal exemptions. (Doc. 51, p. 5); *see* 49 U.S.C. §§ 31315, 31136(e). The Plaintiff contrasted a waiver with an exemption, noting that the hearing exemption program is not experimental and constitutes a substantive rule. (Doc. 51, pp. 6, 9–12). For example, unlike the vision waiver program at issue in *Albertson's*, which was experimental,[1] the hearing exemption was based on a

---

[1] The Plaintiff notes that when this program was introduced, the Federal Register stated:

> The program will allow the FHWA to *conduct a study* comparing a group of experienced, visually deficient drivers with a *control group* of drivers who meet the Federal vision standard for a finite period of time, and perform an in-depth

scientific review of the safety literature involving deaf drivers, over 100 hours of interviews with the individuals who are deaf and hard of hearing, and an individualized review of each applicant, including medical status and driving records. (*Id.* at pp. 9–10) (citation to the Federal Register omitted). The Plaintiff also cited the Federal Register for the proposition that follow-up studies and crash-data confirmed hearing exemption holders have achieved a level of safety equivalent to, or greater than, non-hearing impaired drivers. (*Id.*). The Plaintiff observed that the hearing exemption program provides for notice-and-comment which is "a very good indicator that Congress intended the regulation to carry the force of law." (*Id.* at p. 11) (citing *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 220 (2016)). The Plaintiff thus distinguished *Albertson's*, which confronted an experimental waiver program, from the FMCSA hearing exemption program enacted post-*Albertson's*.

UPS submitted a reply in which it argued that *Albertson's* applies to waivers and exemptions, while challenging the Plaintiff's characterization of the hearing exemption as non-experimental. (Doc. 55). And the Plaintiff filed a surreply in which he reiterated that the FMCSA considers its own internal data alongside an applicant's medical records and driving record. (Doc. 63). As a result, he argued, the hearing exemption renders him a qualified individual with a disability. (*Id.* at

---

> comparative analysis of both groups. It is anticipated that the FHWA will obtain sufficient empirical data, which, when analyzed, will provide a reliable basis for establishing visual requirements that are consistent with the goals of safety . . . .

(Doc. 51, p. 8); *see* 57 Fed. Reg. 10295 (Mar. 25, 1992) (emphasis added).

3

p. 4). The Court considered these competing arguments and concluded that the FMCSA hearing exemption is distinct from a waiver, because the hearing exemption "grants to a person or class of persons an exemption from the regulation." (Doc. 91, p. 5). Accordingly, "an employer cannot simply ignore the exemption." (*Id.*). The Court found that *Albertson's* was not on point and held the Plaintiff is a "qualified individual." (*Id.* at p. 6).

In its Motion for Reconsideration, UPS seeks reconsideration of the Court's Order and reiterates the argument advanced in its reply brief. (Doc. 122). UPS repeats its contention that waivers and exemptions are indistinguishable and that the hearing exemption issued to the Plaintiff does not stem from an individualized assessment. (*Id.* at pp. 5–6). In its Alternative Motion for Permissive Appeal, UPS seeks leave to file an interlocutory appeal. (*Id.*).

## II.   LEGAL STANDARDS

### A.   Motion for Reconsideration

Reconsideration is an extraordinary remedy which will be granted only upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th

Cir. 2009) (internal quotation marks omitted). It is inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (internal citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, a court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

### B.     Permissive Appeal

A permissive interlocutory appeal may be authorized by the trial court when the order being appealed from involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018). Certification is discretionary and is an exceptional remedy. *OFS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1358 (11th Cir. 2008).

### III.   DISCUSSION

In its Motion for Reconsideration, UPS has failed to establish entitlement to reconsideration of the Court's Order. Reiterating arguments unsuccessfully raised in the original papers is not enough to warrant the extraordinary remedy of

reconsideration. The Court considered UPS's contention that waiver and exemption are synonymous and that the application of *Albertson's* is dispositive and rejected those arguments. The Defendant's Motion for Reconsideration adds nothing new. Accordingly, the Defendant's Motion for Reconsideration is denied.

Section 1292(b) of Title 28 of the *United States Code* provides that an application for leave to appeal must be filed with the Court of Appeals within ten days after the district court issues an order approving the interlocutory appeal. *General Television Arts, Inc. v. Southern Railway Co.*, 725 F.2d 1327, 1330 (11th Cir. 1984). While there is no specific time after the entry of the order to be appealed within which a party must seek the district court's permission to appeal, any delay in seeking such permission must be reasonable. *Id*. The Court's Order denying UPS's Partial Motion for Judgment on the Pleadings was entered on April 24, 2023. (Doc. 91). UPS's Alternative Motion for Permissive Appeal was filed three months later. (Doc. 122). The Defendant fails to explain this delay, and the Court finds delaying three months before seeking the extraordinary remedy of interlocutory appeal is not reasonable. The Court therefore declines the Defendant's request for a permissive appeal. Moreover, appellate review of the issue raised by UPS will not dispose of the litigation. UPS's Motion for Partial Judgment on the Pleadings only affects Counts I, III, and IV. As a result, a potentially long delay occasioned by an interlocutory appeal will elongate rather than streamline the litigation.

## IV. CONCLUSION

For these reasons, Defendant UPS's Motion to Reconsider Order Denying Rule 12(c) Motion and Alternative Motion for Permissive Appeal (Doc. 122) are **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on October 18, 2023.

*[Signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties