# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DUSTIN BEMESDERFER,**

        **Plaintiff,**

v.                                          **Case No: 6:22-cv-270-PGB-EJK**

**UNITED PARCEL SERVICE, INC.,**

        **Defendant.**
_____/

## ORDER

This cause is before the Court on the Plaintiff's Motion to Reopen Discovery. (Doc. 149 (the "**Motion**")). The Defendant submitted a Response in Opposition. (Doc. 155). Upon due consideration, the Motion is denied.

### I. BACKGROUND

The Amended Case Management and Scheduling Order provided for the completion of discovery by June 21, 2023. (Doc. 94). On July 17, 2023, the Magistrate Judge granted the Plaintiff's motion to extend the deadline for completion of the Defendant's Rule 30(b)(6) corporate representative deposition. (Docs. 114, 136). The Rule 30(b)(6) notice informed the Defendant, United Parcel Service, Inc. ("**UPS**"), that the Plaintiff intended to ask about the company's policies vis-à-vis employing individuals with Federal Motor Carrier Safety Administration ("**FMCSA**") hearing exemptions as drivers. (Doc. 115-1, p. 4). The corporate representative deposition proceeded, and UPS asserted objections to

disclosure of attorney-client privileged information related to its decision in 2019 to no longer accept the hearing exemption. (Doc. 115, p. 2; Doc. 125, p. 1). The Magistrate Judge sustained the privilege objections. (Doc. 131).

The Plaintiff asserts that on September 5, 2023, after the close of discovery, UPS issued a public statement saying that as of January 2024 it would begin accepting the FMCSA hearing exemption for small package delivery drivers. (Doc. 149, p. 2). The Plaintiff contends that "[d]espite numerous discovery disputes and motions, and UPS's ongoing obligation to supplement discovery responses, UPS failed to produce any information regarding the creation of this new policy or even the new policy itself." (*Id.*). The Plaintiff seeks leave to reopen discovery to ask about the scope of the policy, when UPS first considered implementing the policy, who was privy to this decision, and related matters. (*Id.* at p. 3).

UPS responds that the Plaintiff fails to demonstrate good cause to reopen discovery, because the Plaintiff fails to articulate how this discovery is relevant to an issue in dispute. (Doc. 155, p. 2). UPS notes the prospective policy to accept FMCSA hearing exemptions applies only to small package delivery drivers starting work in January 2024. (*Id.*). As a result, the new policy will not provide new information about the basis for UPS's policy adopted in October 2019 to stop accepting hearing exemptions. (*Id.* at p. 3). UPS further claims the Plaintiff fails to identify a discovery request which UPS was obligated to supplement. (*Id.* at p. 4). And, finally, UPS submits the Plaintiff was in possession of discovery as early as June 2023 regarding the implementation of UPS's pilot program "to assess a new

2

training concept that incorporates enhancements and modifications to allow employees with [Department of Transportation ("**DOT**")] hearing exemptions the opportunity to participate in our state-of-the-art driver training experience." (*Id.*). In fact, the Plaintiff questioned a UPS corporate representative about the 2023 pilot program. (*Id.*; Doc. 155-5). Thus, the Plaintiff had ample time to pursue discovery before the deadline expired.

## II.   LEGAL STANDARD

"A [Case Management and Scheduling Order] may be modified only for good cause and with the judge's consent." *Denson v. Kinney*, No. 2:21-CV-497-JES-NPM, 2023 WL 2914512, at *2 (M.D. Fla. Apr. 12, 2023) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). "A party demonstrates good cause only if, despite its diligence, the party cannot meet the deadline." *Id*. "And a party must also show excusable neglect for not moving to extend a deadline before it expired." *Id.*

## III.   DISCUSSION

To begin, Defendant UPS is correct that the Plaintiff fails to identify a discovery request concerning a current or future policy or program to accept FMCSA hearing exemptions. Thus, UPS was not obligated to supplement a discovery request with the policy announced in September 2023, after the close of discovery. While the reasons for the about-face may be probative, especially considering UPS's constant refrain that the hearing exemption is experimental, UPS did not have to disclose this policy. And no evidence suggests that UPS

3

strategically delayed the timing of the announcement until the close of discovery. To the contrary, as of the August 18, 2023 deposition of UPS corporate representative Jamie Becker, UPS had four pilot participants. (Doc. 155-5, 40:2–7). And UPS had not yet decided when to initiate phase 2 of the pilot program. (*Id.* 64:3–5). Against this backdrop, the timing of the press release is not the product of tactical considerations.

It is not uncommon for a potentially relevant piece of evidence to materialize after the close of discovery, but that is not enough to warrant modification of the deadlines established by the Court which are intended to ensure the timely resolution of litigation. One final point, the fact that the Motion is due to be denied does not preclude counsel from questioning UPS witnesses with knowledge of the new policy about the reasons for the change. Contrary to UPS's assertion, the decision to begin accepting FMCSA hearing exemptions is not a subsequent remedial measure under Federal Rule of Evidence 407. And the Court is not persuaded that testimony regarding UPS's decision to accept the FMCSA hearing exemption is not relevant to its earlier decision to reject the exemption simply because the new policy applies to small package trucks. UPS has vigorously challenged the criteria relied on by the DOT in authorizing the hearing exemptions, and now it appears UPS is less concerned with that methodology. A jury should know why.

## IV. CONCLUSION

For the aforementioned reasons, the Plaintiff's Motion to Reopen Discovery (Doc. 149) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on October 20, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties