**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DUSTIN BEMESDERFER,**

        **Plaintiff,**

v.                                          **Case No: 6:22-cv-270-PGB-EJK**

**UNITED PARCEL SERVICE, INC.,**

        **Defendant.**

_____/

# ORDER

This cause is before the Court on Plaintiff Dustin Bemesderfer's ("**Plaintiff**" or "**Mr. Bemesderfer**") Omnibus Motion in Limine. (Doc. 172). Defendant United Parcel Service, Inc. ("**Defendant**" or "**UPS**") submitted a Response in Opposition. (Doc. 178).

### A. Evidence and Argument regarding FMCSA Hearing Exemption

The Plaintiff seeks to exclude evidence and argument suggesting that the Federal Motor Carrier Safety Administration ("**FMCSA**") hearing exemption program is experimental and regarding the process by which he obtained the hearing exemption. (Doc. 172, pp. 2–3). The Defendant argues, *inter alia,* that the issue has not been resolved by the Court's prior rulings and that expert testimony is not needed to offer studies, regulations, or other evidence concerning the program or Plaintiff's exemption. (Doc. 178, pp. 2–3).

### i. Ruling: The Plaintiff's motions in limine (nos. (II)1 & 2) are granted.

Whether the FMCSA hearing exemption is an experimental program was settled by the Court in its Order on Plaintiff's Motion for Summary Judgment, when the Court held that "once issued [the FMCSA hearing exemption] establishes that the individual is able to perform the essential functions of the employment position he seeks with or without reasonable accommodation." (Doc. 179, pp. 4–5 (quoting Doc. 91, p. 5)). The Court further held that the Plaintiff may rely on the Defendant's description of the essential functions of a UPS package car driver, and granted summary judgment for Plaintiff on whether Plaintiff can perform the essential functions of the position.[1] (Doc. 179, p. 6 n.4; pp. 8–9). Therefore, the evidence or argument related to the FMCSA hearing exemption program, including whether it should be considered experimental and how it was applied to the Plaintiff, is not relevant to these proceedings.[2]

---

[1]  The full text of the Court's Order reads:

> The Court finds for the Plaintiff on his Motion for Partial Summary Judgment on the second prong of the test: that he can perform the essential functions of the job." More precisely, Mr. Bemesderfer can hear and speak such that he can communicate with UPS customers, public safety personnel, and other members of the public. These essential functions are satisfied by the issuance of the FMCSA hearing exemption, and by Mr. Bemesderfer's ability to speak and hear without the help of an ASL interpreter.

(Doc. 179, p. 9).

[2]  Whether the FMCSA hearing exemption is experimental is a question of law and is not properly before the jury, and the Court has resolved that issue in favor of the Plaintiff.

2

## B. Exclusion of evidence or argument regarding *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 558 (1999)

The Plaintiff seeks to exclude evidence or argument about the holding of *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 558 (1999), and how it may apply here. (Doc. 172, p. 4). In response, the Defendant contends without elaboration that excluding attorney argument to the jury about the application of *Albertson's* to the facts here would harm and prejudice the defense. (Doc. 178, p. 3). The Court finds it is improper for lawyers to argue caselaw to the jury. The Court instructs the jury on the law, and the Court has found *Albertson's* is not on point. Plaintiff's motion in limine is granted.

## C. Exclusion of testimony, opinions, or reports and attachments authored by Brian Fligor.

The Plaintiff moved to exclude Brian Fligor, and that motion was granted. (Docs. 108, 159). The Plaintiff now seeks to exclude his testimony, opinions, reports, and attachments thereto. (Doc. 172, p. 4). The Court's Order excluding Mr. Fligor from offering opinion testimony and finding his report to be improper resolves this matter. The Plaintiff's motion is granted.

## D. Exclusion of testimony, opinions, reports, and attachments thereto of John Pinkney.

The Plaintiff moved to exclude John Pinckney, and the Court granted that motion. (Docs. 116, 164). The Plaintiff moves in limine for exclusion of testimony and opinions by Mr. Pinckney and his reports and their attachments. (Doc. 172, pp. 4–5). The Defendant seeks to admit testimony and evidence already excluded by the Court, because the Defendant believes the Court erred. (Doc. 178, pp. 3–4).

3

Rulings by this Court are final. The Defendant further submits that some attachments to the reports written by Messrs. Fligor and Pinckney could be authenticated without the testimony of the stricken experts. (*Id.* at p. 4). That said, the Defendant fails to articulate how these unspecified documents are relevant to any issue in dispute. Accordingly, Plaintiff's motion in limine is granted.

> **E. Exclusion of evidence, argument, or suggestion that Plaintiff posed a direct threat to the safety of himself or others as a package car driver.**

The Court's ruling on Plaintiff's Motion for Summary Judgment resolved this issue in favor of the Plaintiff. The Court granted partial summary judgment for the Plaintiff on the issue that he does not pose a direct threat to the safety of himself or others. (Doc. 179, p. 14). Therefore, the Plaintiff's motion in limine is granted.[3]

> **F. Exclusion of evidence, argument, or suggestion that UPS's policy of refusing to accept the FMCSA hearing exemption is job-related and consistent with business necessity.**
>
> **G. Exclusion of evidence, argument, or suggestion that the FMCSR's physical qualification standard for hearing at 49 C.F.R. § 391.41(b)(11) is job-related and consistent with business necessity.**
>
> **H. Exclusion of evidence, argument, or suggestion that UPS has the authority to refuse to participate in the FMCSA's hearing exemption program or may refuse to accept a hearing exemption.**

The Plaintiff seeks the exclusion of evidence and testimony justifying UPS's policy of refusing to accept the FMCSA hearing exemption or that the physical

---

[3] The Court's Order on Plaintiff's Motion for Summary Judgment renders the motion in limine on direct threat moot. That said, the Court grants Plaintiff's motion in limine to avoid unnecessary confusion.

4

qualification standard is job-related and consistent with business necessity. (Doc. 172, pp. 5–7). The Defendant asserts that business necessity allows it to impose standards above the minimum "floor" requirements of the FMCSRs, including physical qualifications that render the hearing exemption program superfluous. (Doc. 178, pp. 6–7). The Court resolved this dispute in favor of the Plaintiff when it granted Plaintiff's Motion for Summary Judgment and held: "The Court rejects the notion that an employer may circumvent the [Americans with Disabilities Act ("**ADA**")] by implementing a blanket policy that disqualifies holders of an FMCSA hearing exemption." (Doc. 179, p. 13). Accordingly, Plaintiff's motions in limine are granted.

### I. Exclusion of evidence, argument, or suggestion that modifying UPS's driver training program for deaf employees would have posed an undue hardship for UPS.

Plaintiff seeks to exclude evidence and argument that modifying UPS's driver training program for deaf employees would pose an undue hardship on UPS. (Doc. 172, pp. 7–8). After this motion in limine was briefed by the parties, the Court granted summary judgment in the Plaintiff's favor on the issue of undue hardship. (Doc. 179, pp. 14–15). Accordingly, the Plaintiff's motion in limine is granted.

### J. Exclusion of evidence, argument, or suggestion regarding the financial consequences of any trucking accident, real or hypothetical, or any impact hiring deaf drivers may have upon UPS's insurance rates.

The Plaintiff argues UPS should not be allowed to offer testimony or evidence related to any real or hypothetical financial consequence of hiring deaf drivers. (Doc. 172, pp. 8–10). Mr. Bemesderfer notes that UPS objected to the Rule

5

30(b)(6) notice seeking testimony on "the extent to which Defendant's insurance coverage, premiums or carrier(s) changed once Defendant implemented the October 2019 nation-wide policy not to accept the FMCSA hearing waiver." (*Id.* at p. 9 (citing Doc. 100-3, pp. 2–4)). UPS objected that such information is "proprietary, private, sensitive, and/or confidential." (Doc. 100-3, p. 4). Furthermore, the Plaintiff's corporate representative testified that its insurance premiums were not impacted by hiring deaf drivers with hearing exemptions. (Doc. 172, p. 9 (quoting Doc. 116-8, 38:17–39:5)).

The Defendant concedes that it does not intend to offer evidence about its insurance rates. (Doc. 178, p. 8). That said, the Defendant suggests it has a right to present non-expert witnesses to testify about the financial consequences of trucking accidents based on their personal knowledge. (*Id.*). While the Defendant's response is unclear, it appears that the Defendant claims that such testimony is relevant to an award of punitive damages and to its undue hardship defense. (*Id.*).

The Court ruled for the Plaintiff on the undue hardship defense by granting summary judgment in Plaintiff's favor.[4] (Doc. 179, p. 15). The issue of whether it would be an undue hardship for the Defendant to provide a reasonable

---

[4] In response to Plaintiff's Motion for Summary Judgment, UPS conceded that it "does not contend that providing interpreters at in-class training would be an undue hardship[, h]owever, as to the use of interpreters or hand signals for on-the-road Integrad or the 30-working day training, that would present an undue hardship." (Doc. 146, p. 18). UPS asserted no other potential financial hardship, such as the costs associated with accidents caused by deaf drivers. To the extent that UPS seeks to present a new category of hardship not presented in response to Plaintiff's Motion for Summary Judgment, that argument is waived. The Court ruled on the issue of undue hardship, and the Defendant may not rest on defenses at trial which should have been considered by the Court at the summary judgment stage.

6

accommodation to the Plaintiff is no longer a jury question. The Defendant fails to specify the evidence it would offer at the punitive damages stage and how it would be relevant to its "moral culpability and financial status." (*See* Doc. 178, p. 8). Accordingly, the Plaintiff's motion is granted. If the case reaches the punitive damages stage, the Defendant will disclose the financial evidence it contends is relevant, and the Court will rule on its admissibility.[5]

### K. Exclusion of evidence concerning timing or circumstances under which Plaintiff retained counsel.

The Plaintiff seeks to exclude evidence related to the time or circumstances under which he retained counsel. (Doc. 172, p. 10). The Defendant opposes the motion and argues that evidence of the timing and circumstances under which he hired counsel is relevant because he has requested an award of attorneys' fees. (Doc. 178, p. 9). The Defendant knows or should know that the Court awards attorneys' fees, not the jury. The timing and circumstances under which the Plaintiff retained counsel is not relevant to any issue in dispute. The Plaintiff's motion in limine is granted.

---

[5] This does not exempt the Defendant from Rule 26 disclosures or render admissible evidence requested by the Plaintiff and objected to by the Defendant. In other words, the Defendant is not entitled to present evidence during the punitive damages phase not properly disclosed in discovery and consistent with the Rules of Civil Procedure. The trial will be bifurcated with a determination of liability followed by the presentation of evidence and argument on punitive damages. As is customary, all evidence presented during the trial may be considered by the jury in deciding whether punitive damages are warranted.

**L. Exclusion of evidence, argument, or suggestion that UPS is sorry for or regrets the alleged discriminatory acts.**

The Plaintiff seeks to prevent UPS from claiming it is sorry for or regrets its alleged discriminatory acts because such expressions of regret are not relevant to any issue in dispute. (Doc. 172, p. 10). The Defendant opposes the motion, noting that remorse is relevant to an award of punitive damages. (Doc. 178, p. 9). The Court grants the Plaintiff's motion in limine to the extent that it seeks to preclude UPS from expressing sorrow or remorse during the liability phase of the trial. Should the case proceed to the punitive damages phase, UPS may present testimony that the company regrets its actions. It is not enough that defense counsel express regret or remorse in closing during the punitive damages phase, because counsel is limited to commenting on facts in evidence. Meaning, a witness for UPS would need to testify to render argument proper.

**M. Exclusion of testimony on topics where UPS refused to permit testimony on the basis of the attorney-client or work product privilege.**

**N. Exclusion of documents UPS refused to produce on the basis of attorney-client or work product privilege.**

The Plaintiff seeks to prevent the Defendant from presenting testimony or documents at trial which were withheld because of the invocation of attorney-client or work product privileges, citing Federal Rule of Civil Procedure 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially

8

justified or is harmless."). (Doc. 172, pp. 13–14). The Defendant does not oppose the motion with the caveat that the exclusion should only apply to specific communications or documents for which a privilege was invoked. (Doc. 178, pp. 10–11). The Plaintiff's motion is granted and will apply to specific questions or documents as to which the attorney-client or work-product privilege was invoked by the Defendant.

> **O.     Exclusion of accident and injury reports of deaf UPS drivers.**
>
> **P.     Exclusion of evidence, argument, or suggestion that the four deaf individuals who possess the FMCSA hearing exemption and whom UPS currently employs are not safe drivers.**

The Plaintiff argues that UPS admitted it was unaware of any information that indicates any significant safety concerns about its deaf drivers. (Doc. 172, pp. 14–15). Therefore, Plaintiff argues the Defendants should be prevented from offering evidence or testimony at trial that its deaf employees are not safe drivers. (*Id.*). The Defendant argues the Plaintiff seeks to discredit its October 2019 policy in which it refused to recognize the FMCSA hearing exemption program by showing Defendant's deaf employees are safe drivers. (Doc. 178, p. 11). The Defendant contends that it is entitled to present evidence that some of its deaf drivers have been involved in accidents in Defendant's commercial motor vehicles. (*Id.*).

The Court has ruled that UPS was not free to disregard the FMCSA hearing exemption program and chose to impose more restrictive physical qualifications for its package car drivers. Therefore, evidence relating to the driving performance

of some of Defendant's hearing impaired or deaf drivers is not relevant to the FMCSA hearing exemption. The Court has also found that the Plaintiff can perform the essential functions of the job without presenting a direct threat to the safety of others. (Doc. 179, pp. 9, 14). Whether other hearing-impaired drivers are just as capable is not relevant to the issues here. Moreover, UPS fails to explain why it should be permitted to offer evidence at trial that contradicts its discovery responses. For these reasons, the Plaintiff's motions in limine seeking exclusion of evidence and testimony about the driving record of UPS's deaf drivers are granted.

### Q. Exclusion of evidence, argument, or suggestion that Plaintiff did not bid on package car driver positions in 2020.

As the Court noted in its Order denying the Defendant's Motion for Summary Judgment, the Defendant failed to maintain a procedure for the preservation of bid sheets. (Doc. 170, p. 7 n.3). The parties disagree on when the Plaintiff bid for package car driver positions and whether he bid for a position in 2020. (Docs. 172, 178). Contrary to the Defendant's position that the Plaintiff admitted to not bidding on a position in 2020, the Court found the Plaintiff's testimony falls far short of an admission that he did not sign bid sheets in 2020. (Doc. 170, p. 7). The Plaintiff makes a valid point that the Defendant should not be permitted to benefit from its failure to maintain records relating to positions bid on by its employees. In any event, the Court can fashion a jury instruction to address this point.[6] Accordingly, Plaintiff's motion in limine is denied.

---

[6]  For example, in Fair Labor Standards Act cases the Court routinely instructs the jury that if an employer fails to keep proper and accurate records or where the employer's records cannot

### R.   Exclusion of evidence, argument, or suggestion that Plaintiff's Florida Civil Rights Act claims are preempted.

The Court has held that the Plaintiff's Florida Civil Rights Act claims are not preempted under Section 301 of the Labor Management Relations Act. (Doc. 170, pp. 17–18 (quoting *Atwater v. Nat'l Football Players Ass'n*, 626 F.3d 1170, 1176 (11th Cir. 2010) ("[I]n determining whether § 301 preempts a state-law cause of action . . . consider whether the claim arises from a [collective bargaining agreement ("**CBA**")] . . . or whether 'the resolution of [the] state-law claim depends upon the meaning of a [CBA]."))). The Court held the state-law claims do not require interpretation of the CBA. The Defendant's contention that the Court's findings on this issue are merely advisory, because they were made in the context of denying Defendant's Motion for Summary Judgment, is incorrect. The Court considered the Defendant's preemption argument and rejected it. Accordingly, Plaintiff's motion is granted.

### S.   Exclusion of evidence, argument, or suggestion that Plaintiff failed to exhaust his administrative remedies under the Labor Management Relations Act.

The Plaintiff correctly argues that his claims arise under the Americans with Disabilities Act and not the Labor Management Relations Act. Therefore, evidence

---

be trusted and the employee lacks documentation, the employee carries his burden if he presents sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. As a practical matter, this burden is discharged by the employee's testimony. The burden then becomes the employers, and it must bring forth either evidence of the precise amount of work performed (insert here positions bid for) or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.

regarding exhaustion of administrative remedies under the Labor Management Relations Act is irrelevant. Plaintiff's motion is therefore granted.

### T. Exclusion of evidence, argument, or suggestion regarding 49 C.F.R. § 390.3T(d)

The Plaintiff seeks to exclude evidence or testimony regarding 49 C.F.R. § 390.3T(d) which states, "Nothing in this subchapter shall be construed to prohibit an employer from requiring and enforcing more stringent requirements to safety of operation and employee safety and health." (Doc. 172, p. 18). The Defendant opposes and offers a good-for-the-goose comparison where Plaintiff should be prevented from arguing the hearing exemption must be accepted by UPS. (Doc. 178, pp. 16–17). The Court has held that § 390.3T(d) does not allow an employer to impose a more stringent standard if it discriminates against the disabled. (Doc. 161, p. 4; Doc. 179, pp. 8–9). The Court also granted summary judgment for the Plaintiff finding he is qualified to perform the required functions of the position. The Plaintiff's motion is granted.

### U. Exclusion of argument, evidence, or suggestion that Plaintiff's FMCSA hearing exemption is a legal nullity.

The Court has disposed of this issue in its Order denying the Defendant's Motion for Summary Judgment. (Doc. 170). The Court found a defendant may not invoke the Administrative Procedure Act against a private party, and the FMCSA is not a party to this litigation. *See Shell Gulf of Mex. Inc. v. Ctr. For Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014). UPS failed to join the FMCSA, did not challenge the Plaintiff's application for a hearing exemption, and did not

12

raise this defense in its Answer and Affirmative Defenses. Accordingly, the Plaintiff's motion is granted.[7]

### V. Exclusion of evidence, argument, or suggestion that the Plaintiff failed to exhaust his claim under the ADA and Florida Civil Rights Act.

Finally, the Plaintiff submits that the Defendant should be prevented from presenting evidence, testimony, or argument that he failed to exhaust his claims under the ADA and Florida Civil Rights Act. (Doc. 172, p. 19). The Court made several rulings regarding this defense in its Order on Defendant's Motion for Summary Judgment. The Court ruled the exhaustion requirement does not apply to retaliation claims that grow out of earlier charges, as alleged here. (Doc. 170, p. 5 (citing *Sugg v. City of Sunrise,* No. 20-13884, 2022 WL 4296992, at *5–6 (11th Cir. Sep. 19, 2022)). Less concrete is the Court's ruling rejecting Defendant's contention that "[t]he [Equal Employment Opportunity Commission (**"EEOC"**)]'s administrative investigation further confirms its scope was limited to events occurring between July and December 2020 only." (*See* Doc. 170, p. 4 (quoting Doc. 139, p. 7)). The Court rejected the argument because the Defendant failed to provide pinpoint citation to the record. Finally, the Court found the ADA exhaustion requirements do not apply to state-law claims.

---

[7] The Defendant argues it was not required to assert the legal nullity argument as an affirmative defense, because the Plaintiff must prove he is qualified which includes a finding that the DOT card is valid. (Doc. 178, pp. 17–18). The Court need not address this argument, because the Defendant cannot assert the Administrative Procedure Act against an individual, which is what it tries to do here.

The Defendant may not present evidence to the jury on whether the retaliation claim should have been brought at the same time as the discrimination claim since the Court resolved that issue in favor of Plaintiff. But the Defendant may present evidence, assuming a foundation is properly laid, regarding the scope of the EEOC's administrative investigation. The Court reserves ruling on whether exhaustion of one's claim is a purely legal matter to be decided by the judge or should be presented to the jury. The parties must be prepared to submit authority on this issue. Accordingly, the Plaintiff's motion is granted in part and denied in part.a

**DONE AND ORDERED** in Orlando, Florida on January 12, 2024.

                                                               PAUL G. BYRON
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties