# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DUSTIN BEMESDERFER,**

        **Plaintiff,**

v.                                                    **Case No: 6:22-cv-270-PGB-EJK**

**UNITED PARCEL SERVICE, INC.,**

        **Defendant.**
_____/

## ORDER

This cause is before the Court on Defendant United Parcel Service's ("**Defendant**" or "**UPS**") Consolidated Motion in Limine. (Doc. 174). The Plaintiff Dustin Bemesderfer ("**Plaintiff**") submitted a Response. (Doc. 177).

### A.  Exclusion of any alleged retaliation that is outside the scope of the charge and unexhausted.

The Defendant argues that Plaintiff's charge of discrimination is limited to complaints about promotional opportunities between July and December 2020. (Doc. 174, p. 2). Therefore, UPS seeks to exclude evidence of complaints about disability discrimination or retaliation before July 2020 and after December 2020. (*Id.*). The Plaintiff counters that the Court, in denying Defendant's request for summary judgment, rejected Defendant's arguments regarding exhaustion. (Doc. 177, p. 1).

The Plaintiff is correct that in denying Defendant's motion for summary judgment, the Court quoted the charge of discrimination and found "the charge is not limited to discriminatory conduct taking place between July and December 2020." (Doc. 170, p. 4). The charge plainly reads "[s]ince July of 2020" the Defendant engaged in discriminatory acts, and is not limited to between July and December 2020. (*Id.*). Accordingly, Defendant's motion in limine is denied.[1]

### B. Exclusion of evidence regarding failure to promote before the 300 or 365 days prior to the filing of the charge.

The Defendant seeks to exclude complaints about its failure to promote the Plaintiff before December 8, 2019, because the charge of discrimination was filed on December 8, 2020. (Doc. 174, p. 3). The Plaintiff counters that in denying Defendant's motion for summary judgment the Court concluded that "genuine factual disputes remain as to whether Plaintiff bid for driver positions between August 2019 and December 2021." (Doc. 177).

---

[1] The Court has granted UPS leave to present evidence that the scope of the Equal Employment Opportunity Commission's ("**EEOC**") investigation is limited to July to December 2020, but this does not necessarily mean Plaintiff failed to exhaust his administrative remedies. An employee making a discrimination claim under the Americans with Disabilities Act ("**ADA**") must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). The purpose of this requirement is to allow the EEOC the "first opportunity to investigate the alleged discriminatory practices [and] perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (internal quotation marks omitted) (explaining exhaustion in the Title VII context). With this purpose in mind, "[t]his Court . . . has noted that judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the *EEOC complaint*, but has cautioned that allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (internal quotation marks omitted) (emphasis added). The complaint controls and not whether the EEOC erred in limiting the scope of its investigation.

As a prerequisite to filing suit under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC." *Stuart v. Jefferson Cty. Dep't of Human Res.*, 152 F. App'x 798, 800 (11th Cir. 2005) (citing *Mitchell v. Jefferson Cty. Bd. of Educ.*, 936 F.2d 539, 543 (11th Cir. 1991)). In a deferral state, like Florida, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the date of the alleged discrimination. 42 U.S.C. § 2000e–5(e)(1); 29 C.F.R. § 1626.7(a); *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Only those claims arising within 300 days prior to the filing of the charge of discrimination are actionable. *Joe's Stone Crabs, Inc.*, 296 F.3d at 1271 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). That said, courts have held that claims of discrimination were not time-barred because some acts of discrimination against the individual plaintiffs had occurred within the statutory period, even though prior acts did not, where the earlier acts of discrimination were part of a continuing violation. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001); *see also Nat'l R.R. Passenger Corp*, 536 U.S. at 113 ("Each discrete discriminatory act starts a new clock for filing charges alleging that act . . . . [and t]he charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred.").

Based on the record before the Court, it is unclear if the Plaintiff intends to offer evidence of discrimination that occurred outside the statutory period or if such acts are part of a continuing violation, as opposed to discrete discriminatory

3

acts. The Defendant's motion in limine is denied, but the Defendant may assert an objection if appropriate at trial.

### C. Exclusion of any unexhausted failure to promote claim arising before July 2020 and after December 2020.

The Defendant reasserts its contention that the charge of discrimination was limited to acts occurring between July 2020 and December 2020. (Doc. 174, p. 4). The Court has previously held that the Defendant has misread the charge of discrimination which alleged discrimination "since" 2020. Accordingly, Defendant's motion in limine is denied.

### D. Exclusion of evidence regarding UPS's Pilot Program.

The Court previously denied Defendant's motion to strike evidence about its June 2023 driver training program which UPS characterizes as a remedial measure. (Doc. 179, p. 15). Accordingly, Defendant's motion in limine is denied.

### E. Exclusion of evidence that UPS employs hearing-impaired drivers.

The Defendant seeks to exclude evidence that it employs deaf or hearing-impaired drivers. (Doc. 174, p. 6). The Defendant contends the Court previously ruled that how UPS's policy regarding Federal Motor Carrier Safety Administration ("**FMCSA**") exemptions has been applied to other drivers is not relevant to this case. (*Id.*). Plaintiff correctly notes that the Defendant has mischaracterized the Court's ruling. (Doc. 177, pp. 5–6). In striking Mr. Pinckney, the Defendant's expert witness, the Court observed that striking an expert report that offers opinions on the qualifications of a different driver, with different

4

physical limitations and thus different accommodations, is proper. (Doc. 164, p. 9). This is not the same as finding that UPS's policy of employing deaf or hearing-impaired drivers is not relevant to issues aside from Mr. Bemesderfer's qualifications for the position of package car driver. Since the Defendant fails to provide a summary of the Plaintiff's evidence concerning deaf or hearing-impaired drivers working for UPS and why such evidence is prejudicial, the motion in limine is denied. UPS may object to evidence it believes to be more prejudicial than probative at trial.

### F. Exclusion of evidence pertaining to other deaf or hearing-impaired individuals who sought a driver position but were denied.

The Defendant dedicates three sentences to this motion in limine and fails to proffer the Plaintiff's anticipated evidence or why it should be excluded. (Doc. 174, p. 7). The Plaintiff counters that such evidence goes to the issue of discriminatory intent, which is an element of his ADA and Florida Civil Rights Act ("**FCRA**") claims, as well as punitive damages. (Doc. 177, pp. 6–7). The lack of specificity in Defendant's motion, and the persuasive justification for admission of this type of testimony offered by Plaintiff, compels the Court to deny the Defendant's motion in limine.

### G. Exclusion of evidence of prior or pending lawsuits or claims against UPS over its October 2019 policy.

Defendant contends the Plaintiff should be prevented from offering evidence about past or pending litigation or administrative claims concerning its October

2019 policy wherein it decided to reject FMCSA hearing exemptions. (Doc. 174, p. 8). Defendant identifies only the claim brought by Mr. Quinton Murphy against UPS without discussing why evidence of Mr. Murphy's claim is more prejudicial than probative.[2] (*Id.*). The Defendant also cites Rule 404(b) of the Federal Rules of Evidence in support of its motion in limine. While prior wrongs may not be used to prove one's character, it does not preclude the use of such prior acts to prove motive, intent, knowledge, or lack of mistake. Prior acts, including claims or lawsuits, may be relevant to discriminatory intent or punitive damages. This is a fact-specific analysis, and the Defendant fails to articulate facts for the Court's consideration. Accordingly, Defendant's motion in limine is denied.

### H. Exclusion of evidence concerning the litigation in *Bates v. United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007).

The Defendant argues it developed hearing protocols in 2009 as a result of litigation in *Bates v. United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007). (Doc. 174, p. 10). The Defendant contends the protocols are admissible (without explaining why) but the circumstances resulting in the protocols is inadmissible (without explaining why). (*Id.*). The Plaintiff contends the history culminating with the *Bates* litigation is relevant to punitive damages. (Doc. 177, pp. 9–10). Based on the record before the Court it is unable to ascertain whether the *Bates* litigation is

---

[2] It is worth noting that a motion in limine is a vehicle through which a party seeks a pretrial ruling on the admissibility of evidence. Merely submitting a laundry-list of requests, as Defendant does here, devoid of content or context is unhelpful. A party should specifically identify and discuss the factual and legal issues for the Court's determination, and UPS falls woefully short of that objective.

relevant to punitive damages. The Court defers ruling on the motion in limine until the punitive damages stage of the trial, assuming it is reached.

### I. Exclusion of the details of Plaintiff's driving history with Shed Movers and characterizing such history as commercial driving.

The Defendant seeks to exclude testimony regarding Plaintiff's former employment with Shed Movers. (Doc. 174, p. 11). The Court has granted summary judgment in favor of the Plaintiff on his qualification to perform the essential functions of a package car driver, that reasonable accommodations could have been made available by UPS without undue hardship, and that Plaintiff does not present a direct threat to the safety of others or himself. (Doc. 179). Accordingly, the Defendant's contention that Plaintiff's driving/work history could confuse or mislead the jury is moot. The Defendant's motion in limine is denied.[3]

### J. Objections to Plaintiff's Exhibits

This motion in limine is denied as nonsensical.

### K. Exclusion of hearsay statements by Defendant's non-management employees or employees of the Teamsters Union.

The Defendant asserts that during depositions the Plaintiff elicited testimony about out-of-court statements by non-management employees of Defendant or by agents and employees of the Teamsters Union. (Doc. 174, p. 13). While Defendant identifies Mr. Zachary Gusler and Mr. Randy Collins as

---

[3] Moreover, Plaintiff's employment with Shed Movers, if known by UPS's officers or managers, could be relevant to discriminatory intent and punitive damages.

gentlemen whose statements were elicited from deponents, UPS does not cite the allegedly objectionable testimony. The Plaintiff is correct that out-of-court statements may be admissible under various exceptions in Rule 801 of the Federal Rules of Evidence. Based on the record before the Court, the Defendant's motion is denied.

### L.    Exclusion of Privileged CALM Committee Discussions

The Defendant asks the Court to exclude discussions it previously found to be privileged. (Doc. 174, p. 14). The Plaintiff agrees that evidence and testimony that was not disclosed because of the attorney-client or work product privilege should remain inadmissible. (Doc. 177, p. 12). The Defendant's motion is granted as unopposed. This of course means the Defendant may not offer evidence concerning the CALM Committee discussions which were not disclosed due to the exercise of a privilege.

### M.    Exclusion of Plaintiff's Bid for a Driver Position

The Defendant submits the Plaintiff stipulated that he did not bid for a driver position in 2020. (Doc. 174, p. 15). The Court previously rejected the Defendant's narrow interpretation of the record. (Doc. 170, pp. 6–8). Accordingly, the Defendant's motion in limine is denied.

**DONE AND ORDERED** in Orlando, Florida on January 12, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9